UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CAROLYN HIGHTOWER, TERESA ALLEN, JOHN DAVENPORT, SELENA HENDERSON, AND ANGELA CARTER, <br><br> Plaintiffs, <br><br> v. <br><br><br> OPEN DOOR HOME, INC., a Georgia Non-Profit Corporation, <br><br> Defendant. | Civil Action Number: 4:12-cv-79-HLM <br><br> FLSA Action <br><br> Jury Trial Demanded |

## COMPLAINT

COME NOW, Carolyn Hightower, Teresa Allen, John Davenport, Selena Henderson, and Angela Carter (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendant Open Door Home, Inc. ("Defendant") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the

provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiffs of their lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiffs, pursuant to the FLSA.

3. Prior to and during the period relevant to this Complaint, Plaintiffs were employed by Defendant working as house parents at one or both of Defendant's campuses located in Rome, Georgia (hereinafter "Defendant's Campus(es)".

4. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint, Defendant committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

5. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

**PARTIES**

8. Plaintiff Carolyn Hightower ("Hightower") resides in Cedartown, Georgia (within this District). Upon information and belief, Hightower was employed by Defendant as a houseparent at Defendant's Campus(es) from on or about February, 2002 thru on or about January 31, 2012.

9. Plaintiff Teresa Allen ("Allen") resides in Rome, Georgia (within this District). Upon information and belief, Allen was employed by Defendant as a houseparent at Defendant's Campus(es) from on or about February 1, 2005 thru on or about April 11, 2011.

10. Plaintiff John Davenport ("Davenport") resides in Calhoun, Georgia (within this District). Upon information and belief, davenport was employed by Defendant as a houseparent at Defendant's Campus(es) from on or about December, 2000 thru on or about October 1, 2010.

11. Plaintiff Selena Henderson ("Henderson") resides in Rome, Georgia (within this District). Upon information and belief, Henderson was employed by

3

Defendant as a houseparent at Defendant's Campus(es) from on or about September, 2005 thru on or about December 28, 2010.

12. Plaintiff Angela Carter ("Carter") resides in Rome, Georgia (within this District). Upon information and belief, Allen was employed by Defendant as a houseparent at Defendant's Campus(es) from on or about December 26, 2007 thru on or about December 16, 2010.

13. At all times material to this action, Plaintiffs were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. These same individuals are further covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendant.

14. Defendant is a non-profit corporation formed under the laws of the State of Georgia which provides emergency and extended care for children from birth to 18 years of age.

15. Defendant conducts business within this State and District.

16. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Wilson Gretta, 10 Vinings Drive Rome, Georgia 30161.

17. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Defendant was an "employer" of the named Plaintiffs and of others similarly situated, as defined by § 203(d) of the FLSA.

19. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

20. Upon information and belief, Defendant employed Plaintiffs, at Mulkey's Projects at all times relevant to this Complaint.

21. Plaintiffs' duties were those as house parents.

22. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

23. At all times relevant to this action, Plaintiffs were at times required to work in excess of forty (40) hours a week.

24. Upon information and belief, Defendant did not pay Plaintiffs overtime pay at which by law they were required, for time worked in excess of 40 hours per week for all work performed for Defendant.

25. At all times relevant to this action, Defendant had a policy and/or practice of not compensating Plaintiffs for time worked in excess of 40 hours per week at which they were by law required.

26. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs at all times relevant to this Complaint.

27. Defendant is liable to the Plaintiffs for compensation for any and all time worked in excess of 40 hours per week at the rate legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

28. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to liquidated damages.

30.     Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. § 216(b), the Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

31.     Plaintiffs demand a jury trial.

## COUNT I

32.     Plaintiffs repeat and incorporate by reference paragraphs 1-31 herein.

33.     By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

34.     Defendant has willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation at a rate legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

35.     As a result of Defendant's violations of the FLSA, Plaintiffs, have suffered damages by failing to receive an overtime compensation at a rate legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36.     Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiffs.

37. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which Plaintiffs were employed in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That all Plaintiffs be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That all Plaintiffs be awarded reasonable attorneys' fees;

C. That all Plaintiffs be awarded the costs and expenses of this action; and

D. That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 3rd day of April, 2012.

MARTIN & MARTIN, LLP

By: <u>/s/ Thomas F. Martin</u>
Thomas F. Martin
tfmartin@martinandmartinlaw.com
Georgia Bar No. 482595
Kimberly N. Martin
kmartin@martinandmartinlaw.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax